IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DREW, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 20-cv-00402 ) ) |
| vs. | ) Hon. Sharon Johnson Coleman ) |
| AMERICAN DIRECTIONS RESEARCH GROUP, | ) Magistrate Young Kim ) ) |
| Defendant. | ) <u>Jury Demanded</u> ) |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff Michael Drew, on behalf of himself and a putative class, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

**JURISDICTION AND VENUE**

1.  This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2.  This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant do business in this District, sent the text messages that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

1

## STANDING

3. Defendant sent text messages to Plaintiff's cell phone using an automated dialer without his consent.

4. Plaintiff has a congressionally defined right to be free of automated texts to his cell phone for which he has not given his express consent.

5. Plaintiff has thus suffered an injury as a result of Defendant's invasion of his privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff Michael Drew is a natural person who resides in this District.

7. Defendant, American Directions Research Group ("ADRG") is a Washington, D.C. corporation that does or transacts business in Illinois. Its business address is 1350 Connecticut Ave., NW, Suite 1102, Washington, D.C., 20036.

## FACTS

8. Plaintiff received at least one text message to his cell phone from the Defendant. The message came from a telephone number ending with 5774.

9. On January 10, 2020, ADRG sent a text message to Plaintiff without his consent. The message included a website associated with ADRG.

10. The text message read:

"MICHAEL, We're texting voters about local issues and your opinion matters. Please click to participate: [website address]"

11. Defendant's business model is to knowingly use an automated telephone dialing system (ATDS) to send text messages without consent to people's cell phones.

12. On information and belief, Defendant obtain consumer's cellular phone numbers by purchasing lists of telephone numbers collected by other companies. These lists are in electronic formats such as a database file or spreadsheet file.

13. As a result, many of these numbers receive text messages without express consent of the consumer, who did not provide the number to Defendant in the first place.

14. Upon information and belief, Defendant keep records and data from which it can determine which autodialed text messages it made without consent but has elected not to engage such to prevent TCPA violations for business reasons.

15. Defendant knew about the TCPA before sending the text messages to Plaintiff and the class but sent these autodialed texts to cellular phones in spite of such knowledge.

16. Based on the impersonal, unsolicited nature of the texts and their origin from an unknown number Defendant used an automated telephone dialing system (ATDS) to send the text messages. This inference is reinforced by the fact that the text stated that other "local voters" were also contacted, implying a mass text campaign.

17. On information and belief, the ATDS uses a sequential or random number generator to store the list of telephone numbers that are then sent text messages automatically. In fact, nearly all computer software systems that store information in databases or lists uses either

a sequential or random number generator to create unique 'ID' columns to identify each row stored in the database or list.

18. Logically, such software and/or hardware must also have the capacity to generate those random or sequential ID numbers each time the list is created or updated.

19. The text messages were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

20. The text messages were intentionally, willfully and knowingly initiated.

21. The text messages were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of a class consisting of:

> All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, ADRG sent text messages to without their prior express consent using an the same equipment used to send the text message to Plaintiff.

23. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Defendant sent a text message to without permission using the same equipment used to call Plaintiff.

24. Common questions of law or fact exist as to all members of each class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

   a. Whether the text messages to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether Defendant had prior express consent to text the cell phone numbers of Plaintiff and the other members of the class; and

   c. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

25. Plaintiff's claims are typical of the claims of the other members of the classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the classes are the same: Defendant violated the TCPA by causing text messages to be made to the cellular telephone number of each member of the class, without permission and using an ATDS.

26. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has no interests that might conflict with the interests of the classes. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

27. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

28. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

29. Defendant have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

30. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

### **COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM – ADRG**

31. Plaintiff incorporates by reference paragraphs 1-36 above.

32. Defendant ADRG contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Michael Drew, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the class as alleged herein;

    B. A declaration that ADRG violated the TCPA as to Plaintiff and the class;

    C. Injunctive relief aimed at ensuring the prevention of ADRG from violating the TCPA in the future, including:

        1. Requiring ADRG to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of ADRG outbound calls to ensure that ADRG had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com