## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL DREW, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN DIRECTIONS RESEARCH , ) GROUP ) ) Defendant. ) | Case No. 20-cv-00402 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Drew, individually and on behalf of all others similarly situated, filed a first amended class action complaint ("complaint") against defendant American Directions Research Group ("ADRG"). Plaintiff brought a claim for violation of the Telephone Consumer protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). ADRG now moves to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, ADRG's motion to dismiss [30] is denied.

**Background**

Plaintiff alleges the following facts in the complaint. Defendant ADRG is a Washington, D.C. corporation that does or transacts business in Illinois. On January 10, 2020, Plaintiff received at least one text message to his cell phone from ADRG without his consent. The message came from a number ending in 5774 and included a website associated with ADRG. The text message read: "MICHAEL, We're texting voters about local issues and your opinion matters. Please click to participate: [website address]."

The compliant alleges that ADRG obtained consumers' cellular phone numbers by purchasing lists of telephone numbers collected by other companies in the form of a database file or

a spreadsheet file, including Plaintiff's telephone number. Many of these collected numbers received text messages despite the consumers having never given express consent to be contacted or providing contact information to ADRG. ADRG also keeps records and data from which it can determine which autodialed text messages it made without consent.

The complaint alleges that ADRG used an automated telephone dialing system (ATDS) to send text messages to the collected numbers. It further alleges that based on the impersonal, unsolicited nature of the text and the unknown number from which it was received, an ATDS was used. The ATDS uses a sequential or random number generator to store the list of telephone numbers that are then sent text messages automatically.

The text message itself was sent as part of a mass-text campaign, directing "voters" and encouraging them to "participate" in an online survey. The complaint alleges the text message was sent by an unknown number and was unsolicited. It also alleges that ADRG's purchased lists of telephone numbers very likely contained other personal information, including Plaintiff's first name.

Plaintiff alleges that the text messages were annoying to him, invaded his privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers. Because of this, Plaintiff filed a first amended class action complaint ("complaint") against ADRG on January 7, 2020. Plaintiff brought a claim for violation of the Telephone Consumer protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") on behalf of plaintiff and the putative TCPA class. ADRG now moves to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Analysis**

ADRG argues the complaint should be dismissed because plaintiff has not pled sufficient facts that ADRG used an ATDS to text him in violation of the TCPA. The TCPA provides as relevant:

> It shall be unlawful for any person within the United States ...
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> ...
> (iii) to any telephone number assigned to a ... cellular telephone service....

47 U.S.C. § 227(b)(1)(A)(iii); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) (clarifying that text messages qualify as a "call" under the TCPA). Accordingly, absent certain exceptions, the TCPA "prohibits the use of an 'automatic telephone dialing system' to call or text any cellular phone without the prior consent of the recipient." *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. 2020).

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1)(A)-(B). The Seventh Circuit recently clarified that the phrase "using a random or sequential number generator" modifies both "store" and "produce," defining the capability of a piece of equipment required to qualify as an "automatic telephone dialing system." *Gadelhak*, 950 F.3d at 464. Therefore, in order to succeed in a TCPA case, the plaintiff must allege and later prove that the equipment that originated the contact was capable of either storing or producing telephone numbers using a random or sequential number generator." *Id.* at 463.

While *Gadelhak* was key in determining how to interpret the qualifications for an ATDS under the TCPA, the case was decided on appeal from the summary judgment stage of litigation. Without any authoritative case law from the Seventh Circuit Court of Appeals as to the pleading requirements, the Court subsequently turns to sister district courts that have addressed the issue for advisement.

There is some disagreement among district courts in the Seventh Circuit as to the pleading standard required to overcome a motion to dismiss when alleging use of an ATDS. Some district courts have determined that it is too conclusory to plead the definition of an ATDS without further descriptive details or allegations. *See Serban v. CarGurus, Inc.*, No. 16 C 2531, 2016 WL 4709077, at *3-4 (N.D. Ill. Sep. 8, 2016) (Ellis, S.). In *Mosley v. Gen. Revenue Corp.*, the District Court in the Central District of Illinois determined that "[w]hile a plaintiff need not have advanced technical knowledge of the devices used, there still must be some basis in the pleading which raises the ATDS claim from speculative to plausible." 2020 WL 4060767 at *4 (C.D. Ill. July 20, 2020). The court decided that it was clearly speculation and not strong enough to survive a motion to dismiss "[t]o claim that a defendant *might* have used a device that *might* have the capacity to randomly or sequentially generate numbers." *Id.* at *4. Other district courts merely require recitation of the statue without any supporting facts, arguing it would be virtually impossible for the plaintiff to know what type of machine a defendant used before discovery. *Zeidel v. Nat'l Gas & Elec., LLC*, No. 18 CV 06792, 2019 WL 2161546, at *4 (N.D. Ill. 2019) (Lee, J.). In *Klueh v. Paul Vallas for All Chi.*, the District Court in the Northern District of Illinois agreed with this position and decided that evidentiary issues about the capacity of the platform as an ATDS are more appropriate for resolution at a later stage of litigation. *Klueh v. Paul Vallas for All Chi.*, No. 19 CV 00249, 2020 WL 4934975 at *7 (N.D. Ill. Aug. 24, 2020) (Pacold, M.). In *Klueh*, the court noted that the parties

should prioritize limited discovery about whether the system in question had the required capacity to qualify as an ATDS. *Id.* at *7.

In *Mosley,* one factor the court considered was identification of the type of business being accused of using an ATDS, as that might be indicative of the likelihood of the use. *Mosley* 2020 WL 4060767 at *4. The court determined that "[i]t is not plausible to conclude that a company seeking to collect debts . . . would use a system that randomly and sequentially generates phone numbers." *Id.* The court reasoned that it is far more likely that a "telemarketing company, bank, or other seller of goods" would desire to have machines with the capacity to dial randomly or sequentially generated numbers than a debt collection agency. *Id.* In the present case, ADRG, being a survey research provider, is significantly more likely to employ a random or sequential number generator than a debt collection company. Therefore, this factor weighs in favor of denying the ADRG's motion to dismiss.

Here, the complaint alleges more than just barebone allegations of a violation of the TCPA by reciting the relevant language of the statute. The complaint alleges some detail, but the specifics likely cannot be known by Plaintiff at this stage. It is clear from the allegations that the determination of whether an ATDS was used will be best resolved after the benefit of some discovery. Because of the phrase "[w]e're texting voters," the plaintiff has alleged that use of the plural "voters" implies a high volume of recipients. In addition, the complaint also alleges that the text message itself encouraging "voters" to "participate" in an online survey makes the text message generic. ADRG argues that the text, being addressed to 'MICHAEL,' goes against it being impersonal or unsolicited because it uses a first name. Because the plaintiff also alleged that ADRG purchases lists of telephone numbers, a reasonable inference is that list also contained other personal information, including the plaintiff's first name. Accordingly, more evidence acquired through discovery is essential here.

The generic and impersonal nature of the text message, coupled with the business platform of ADRG, suggests that the use of an ATDS is more plausible than possible. It is plausible that the machine used to text the plaintiff here was capable of storing and producing telephone numbers and subsequently dialing them. Therefore, discovery should move forward, with an early emphasis on whether the system in question had the required capacity to qualify as an ATDS.

**Conclusion**

Based on the foregoing, ADRG's motion to Dismiss [30] is denied.

IT IS SO ORDERED.

Date: 10/16/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge